**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALICA WILLIAMS,<br>Plaintiff<br><br>v.<br><br>GARY HOUSING AUTHORITY, *et al.*,<br>Defendant | No. 25 CV 12632<br><br>Judge Jeremy C. Daniel |

## ORDER

Defendant Benavides and Defendant INWH's motion to dismiss [49] is granted. Defendant GHA's motion to dismiss [58] is also granted. Plaintiff Williams' motion for default judgment [54] is denied as to GHA and CHA. Any amended complaint is due on or before November 13, 2026.

## STATEMENT

This case is before the Court on Defendants Oscar Benavides, Ivan North West Homes, LLC ("INWH"), and Gary Housing Authority ("GHA")'s motions to dismiss Plaintiff Alica Williams' complaint. (R. 49; R.58.) The events described below are drawn from the complaint, (R. 45,) and are presumed true in resolving the motions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### Background and Legal Standard

On March 22, 2024, Williams, an existing housing choice voucher holder with Defendant Chicago Housing Authority ("CHA"), requested that her voucher be transferred to GHA in Gary, Indiana.[1] (R. 45 ¶¶ 11–12.) CHA agreed and by July 2024, Williams was admitted to the GHA's voucher program, provided with a GHA voucher and began her lease at a property owned by INWH and operated by Benavides. (*Id.* ¶¶ 14–16.)

On May 29, 2025, Williams received two letters from GHA. (*Id.* ¶¶ 17, 20.) The first letter stated she owed $10,392 to GHA for its overpayment of her rent because she failed to report her full income from July 2024 through May 2025. (*Id.* ¶ 17.) That letter requested payment of $7,392 by June 30, 2025, and notified Williams of a

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

meeting with GHA on June 26, 2025. (*Id.* ¶¶ 18–19.) The second letter notified Williams that she would be responsible for the full lease amount as of June 1, 2025, and that her voucher would be terminated unless she reported any income changes by October 15, 2025. (*Id.* ¶¶ 20–21.) Williams was also advised of her right to an informal hearing if requested within 10 days of letter receipt. (*Id.* ¶ 21.) By June 3, 2026, Williams alleges that she disputed the GHA's record of her employment history and requested an appeal hearing of GHA's decision on four separate occasions between June and July 2025. (*Id.* ¶¶ 23–31, 36, 41–43.) She claims that GHA denied each request and told her that there was no appeals process of the decision. (*Id.* ¶¶ 44–45.) In September 2025, INWH brought an eviction suit in Lake County, Indiana, an eviction order was granted in October 2025, and Williams vacated the property shortly after. (*Id.* ¶¶ 47–49.)

Williams claims each defendant violated her due process rights under the Fourteenth Amendment. (*Id.* ¶¶ 50–65.) Defendants INWH and Benavides move to dismiss Williams' complaint for failure to state a claim. (*See* R. 49; Fed. R. Civ. P. 12(b)(6).) Separately, Defendant GHA moves to dismiss for lack of personal jurisdiction, insufficient process and insufficient service of process. (*See* R. 58; Fed. R. Civ. P. 12(b)(2–5).)

A 12(b)(2) motion challenges the Court's jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). "[T]he plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). The Court "take[s] as true all well-pleaded facts alleged in the complaint and resolve[s] any factual disputes . . . in favor of the plaintiff[s]." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). When—as here—the Court bases its determination "solely on written materials and not an evidentiary hearing, plaintiffs must only make a prima facie showing of personal jurisdiction over the defendants to survive their motion to dismiss." *Id.*

A motion to dismiss under Rule 12(b)(6), on the other hand, challenges the sufficiency of the complaint. To survive dismissal under Rule 12(b)(6), a complaint must contain allegations that plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation modified). The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

**Analysis**

*Personal Jurisdiction*

GHA first argues that this Court lacks personal jurisdiction over it because none of the factual allegations of misconduct occurred in the state of Illinois. (R.58 at 5–6.) District courts may establish personal jurisdiction over a defendant through general or specific jurisdiction. General personal jurisdiction requires that the defendant's "affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum state.'" *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014). Williams does not claim that any of GHA's alleged actions took place in Illinois or that GHA is a citizen of Illinois, so there is no general personal jurisdiction.

Specific personal jurisdiction is established when the plaintiff shows that (1) the defendant purposefully availed itself of conducting business in the forum state or purposefully directed its activities at the state, (2) that the plaintiff's alleged injury arose out of the defendant's state-related activities, and (3) exercising any jurisdiction is consistent with fair play and substantial justice. *B.D. ex rel. Myers v. Samsung SDI Co.*, 143 F.4th 757, 765–66 (7th Cir. 2025). Williams first argues that GHA purposefully availed itself of conducting business in Illinois because it processed CHA's transfer of Williams' housing voucher. (R. 60 at 4–5.) She next argues that her housing voucher due process injuries were related to GHA's business activities in Illinois. (*Id.* at 5.) Both arguments are unavailing.

By Williams' own account, GHA did not initiate the transfer of Williams' housing voucher; Williams did and GHA merely accepted the request. (R. 45 ¶¶ 12–14.) Furthermore, every alleged GHA action—from the incorrect processing of Williams' employment record to the denial of an appeal hearing—took place in Gary, Indiana. (*See generally* R. 45.) Absent the required "relationship among the defendant, the forum, and the litigation," there is no specific jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). The Court finds that Williams has not demonstrated either form of personal jurisdiction and grants GHA's motion to dismiss. Because the Court granted dismissal for lack of personal jurisdiction, it declines to rule on GHA's remaining motions to dismiss. Additionally, without personal jurisdiction over GHA, the Court cannot grant default judgment. *Philos Techs., Inc., v. Philos & D, Inc.*, 645 F.3d 851, 854–55 (7th Cir. 2011). Therefore, Williams' motion for default judgment against GHA is denied as moot. *Id.*

*Due Process*

Benavides and INWH argue that Williams fails to state a claim against them because the due process clause of the Fourteenth Amendment applies to state actors, not private ones. (R. 49 at 2–4; U.S. Const. Amend XIV.) The Court agrees. Absent a showing that a private actor was acting under the color of state law, "private action is immune from the restrictions of the Fourteenth Amendment." *Jackson v. Metro.*

*Edison Co.*, 419 U.S. 345, 349 (1974). Williams has not alleged that Benavides and INWH worked in concert with GHA to alter the terms of her voucher or deny her the right to appeal their decision. Furthermore, Benavides and INWH obtained an eviction order before evicting Williams. (R. 45 ¶¶ 47–48.) While unfortunate, that is all the due process that she was owed by these defendants. Therefore, because Williams has failed to state a claim, Benavides and INWH's motion to dismiss is granted.

*Default as to CHA*

There is no evidence that defendant CHA has been served. The USM-285 identifies the "U.S. Department of housing – Chicago HUD." Chicago HUD is not CHA. Further, the amended complaint does not contain allegations against CHA. It alleges that CHA, at the plaintiff's request, transferred the plaintiff's housing voucher to GHA. (R. 45 ¶¶ 12-13.) It does not specifically mention CHA again. It alleges that GHA acted against the plaintiff and that the plaintiff requested hearings with GHA. (*See*, *e.g.*, R. 45 ¶¶ 23, 45, 56, and 58.) For these reasons, the Court cannot grant the plaintiff's motion for default.

Date: October 21, 2026

JEREMY C. DANIEL
United States District Judge